**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALVADOR TRINIDAD NARVAEZ,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Civil Action No. 26-10473 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Salvador Trinidad Narvaez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer (ECF No. 5), and Petitioner replied (ECF No. 6). Following an Order from the Court, Respondents filed a supplemental answer (ECF No. 8), and Petitioner replied (ECF No. 9). Having reviewed and considered the parties' submissions in support of and opposition to the letter seeking immediate release, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, unlawfully entered the United States without inspection on or about March 5, 2020. (ECF No. 5-1 at 3.) On that date, Petitioner was arrested by immigration officials. (ECF No. 5-1 at 2.) On March 6, 2020, Petitioner was issued a Notice and Order of Expedited Removal. (ECF No. 5-2.) On the same date, Petitioner's Order of Expedited Removal became final, and Petitioner was removed from the United States. (ECF No. 8-1 at 1.)

Petitioner re-entered the United States on or about April 13, 2021. (*See* ECF No. 6 at 2.) On August 13, 2026, Immigration Customs and Enforcement ("ICE") officials arrested Petitioner pursuant to an I-205 Warrant of Removal. (ECF No. 8-1 at 2; ECF No. 8-2.) On the same date, Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order and has been detained under that final order of removal. (ECF No. 8-3.)

On August 17, 2026, Petitioner filed this Petition arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents filed an expedited responses arguing that Petitioner is lawfully detained based on his reinstated final order of removal under 8 U.S.C. § 1231(a). (ECF Nos. 5, 8.) Petitioner replied, arguing his reinstated final order of removal failed to comply with immigration regulations. (ECF No. 9.)

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. Decision

In the Petition, Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225. (*See* ECF No. 1.) Respondents answered and argued that Petitioner is lawfully detained under a re-instated order of removal pursuant to 8 U.S.C. § 1231(a). (ECF No. 8.) In his reply, Petitioner does not contest that he has a reinstated order of removal, rather, he argues Respondent failed to comply with the regulations when reinstating his final order of removal. (*See* ECF No. 9.)

The record establishes that Petitioner is subject to a reinstated final order of removal. On March 5, 2020, Petitioner was issued a Notice and Order of Expedited Removal and was subsequently removed from the United States. Petitioner unlawfully reentered the United States in 2021 and in August 2026 his final order of removal was reinstated.

Based on the above, ICE reinstated Petitioner's final order of removal on August 13, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of

a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on August 13, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

This Court lacks jurisdiction to consider whether Petitioner's detention is impermissible because of procedural defects in his reinstated final order of removal. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75 (emphasis in original). Petitioner's claims of wrongful detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before the Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, the Court lack jurisdiction over these claims pursuant to § 1252(a)(5), (b)(9).

## IV. CONCLUSION

For the reasons set forth above and for good cause appearing, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED** without prejudice. An appropriate order follows.

**Date:** September 24, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**